**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SOL DE JANEIRO USA, INC. and
SOL DE JANEIRO IP, INC.,

              Plaintiffs,

     v.

MCOBEAUTY PTY LTD and
MCOBEAUTY, INC.,

              Defendants.

Case No. 24-cv-8862

## CONFIDENTIALITY STIPULATION AND [PROPOSED] PROTECTIVE ORDER

Plaintiffs Sol de Janeiro USA, Inc. and Sol de Janeiro IP, Inc. (together, "Plaintiffs") and

Defendants MCoBeauty Inc. and MCoBeauty Pty Ltd (collectively, the "Parties" and each a

"Party"). by their undersigned attorneys, hereby stipulate and agree as follows:

1.     The following provisions shall govern the disclosure and use of all documents,

deposition transcripts, deposition exhibits, interrogatory responses and other responses to written

discovery, admissions, and any other information produced, given, served and/or exchanged by

and among the Parties and any non-parties ("Discovery Materials") in the above-captioned action

(the "Litigation"), and other information designated "Confidential" or "Confidential – Attorneys'

Eyes Only" which is produced or given by any Party in the course of discovery in this action.

2.     The term "Information" shall include any document, testimony, electronic data,

interrogatory response, response to requests for admissions, or other information disclosed or

produced by or on behalf of a Party (or any of his or its attorneys or other agents) or by or on behalf

of a third party from whom discovery is sought, and all documents incorporating such information.

3.      "Confidential Information" means all personal, medical, personnel, employee, proprietary, financial, business or other commercially sensitive information, whether documentary or otherwise, designated as "Confidential" and delivered or produced by any Party or third party in response to a discovery request, subpoena, or otherwise.  The designation of Information as Confidential Information shall be applied only to Information that the Party or third party producing or providing the Information (a) believes in good faith is not generally known to others, and which contain privileged information, confidential proprietary information, trade secrets, confidential and/or proprietary commercial information, and/or confidential and/or proprietary research/development information (b) has a legal responsibility to another person or entity to preserve the private, confidential, or proprietary nature of the Information.  Any Information that is readily available or generally known to the public shall not be considered or designated as Confidential.

4.      "Confidential – Attorneys' Eyes Only" means all highly confidential, proprietary, or personal Information, the disclosure of which would create a substantial risk of injury to an individual or to the business or competitive position of the producing Party.  It is the intent of the Parties that the "Confidential – Attorneys' Eyes Only" designation shall be reserved for Information that is highly personal or highly proprietary, technical or business information relating to commercially sensitive competitive information that the designating party could, if called to do so, demonstrate to be highly confidential in its business, including but not limited to information relating to technical designs, future products, non-public financial data, and pricing, and past, present, or planned activities of the designating Party or third party that has been and is being maintained in confidence by the designating Party or third party, the disclosure of which is likely to cause harm to the competitive position of the designating party.  If only a portion of a document,

2

an interrogatory response, or deposition testimony contains information that is properly designated as "Confidential – Attorneys' Eyes Only," then the designating Party shall clearly designate which portion(s) of the document, interrogatory response, or deposition testimony contains information that is to be treated as "Confidential – Attorneys' Eyes Only."

5.    To the extent that documents are designated "Confidential – Attorneys' Eyes Only," counsel may nonetheless disclose the documents to the Parties with the "Confidential – Attorneys' Eyes Only" portion(s) of the document redacted.  In the event that counsel intends to disclose such redacted documents to the Parties, they shall provide the proposed redacted documents to the designating Party for its review.  The designating Party shall, within two business days of the actual receipt of the proposed redacted document, (1) communicate its agreement that the redacted version of the document may be disclosed to the Parties; or (2) provide an alternate redacted version of the document that it agrees may be disclosed to the Parties; or (3) upon a showing that there is no format under which a redacted version of the document could avoid creating a substantial risk of injury to an individual or to the business or competitive position of the producing Party, deny disclosure of the redacted version of the document to the Parties.  Any steps that the designating Party takes to limit disclosure of redacted materials may be challenged in court, with the burden on the designating Party that seeks to limit such disclosure.

6.    All Information produced in this action, whether or not designated as "Confidential" or "Confidential – Attorneys' Eyes Only," shall be used by the Party receiving such information solely in connection with this litigation.  Nothing in this Protective Order shall restrict what a producing Party may do with its own Information designated Confidential or Confidential Attorneys' Eyes Only.

3

7.    Except with the prior written consent of the designating Party or upon prior order of the Court, Information designated as "Confidential" shall not be disclosed by any Party to any person other than the following:

(a)    any Party's in-house attorneys and employees, counsel of record for any Party in this litigation, and the secretaries, paralegals, legal assistants, or other support personnel who are employed by any Party or a Party's counsel of record, as reasonably necessary to assist the Party or the Party's counsel of record in this litigation;

(b)    outside experts, consultants, and litigation support vendors who are not employees of any Party and who are expressly retained to assist counsel of record for the Parties and the employees of such persons who shall be advised of and shall agree to the confidentiality requirements pursuant to Paragraph 9 below and be approved of pursuant to the terms of Paragraph 10 below in advance of being provided with the Information;

(c)    the Court, Court personnel, and jurors;

(d)    court reporters and videographers who are retained to transcribe or videotape testimony in this action;

(e)    the Parties and their officers, solely for the purpose of prosecuting, defending or appealing the action;

(f)    any deponent in this action;

(g)    actual or potential witnesses in this action;

(h)    the Parties' insurers and the insurers' counsel; and

(i)    mediators or other persons engaged in alternative dispute resolution who shall be advised of and shall agree to the confidentiality requirements pursuant to Paragraph 9 in advance of being provided with any Information.

4

8.      Except with the prior written consent of the designating Party or upon prior order of this Court, Information designated as "Confidential – Attorneys' Eyes Only" shall not be disclosed by any Party to any person other than the following:

(a)      counsel of record for any Party in this litigation, and the secretaries, paralegals, legal assistants, or other support personnel who are employed by the Party's counsel of record, as reasonably necessary to assist the Party's counsel of record in this litigation;

(b)      outside experts, consultants, and litigation support vendors who are not employees of any Party and who are expressly retained to assist counsel of record for the Parties and the employees of such persons who shall be advised of and shall agree to the confidentiality requirements pursuant to Paragraph 9 below and be approved of pursuant to the terms of Paragraph 10 below in advance of being provided with the Information;

(c)      the Court, Court personnel, and jurors;

(d)      court reporters and videographers who are retained to transcribe or videotape testimony in this action;

(e)      deponents who have prior knowledge or who, upon information and belief, already have knowledge of the Information;

(f)      actual or potential witnesses who have prior knowledge or who, upon information and belief, already have knowledge of the Information; and

(g)      mediators or other persons engaged in alternative dispute resolution who shall be advised of and shall agree to the confidentiality requirements pursuant to Paragraph 9 in advance of being provided with any Information.

9.      Any person entitled to receive Confidential Information or Confidential – Attorneys' Eyes Only Information pursuant to Paragraph 7, subpart (b) and Paragraph 8 subpart (d) – shall, prior to receiving such Information, read this Protective Order, and shall execute the Acknowledgement and Agreement in the form attached as Exhibit A, indicating that he or she has read this Protective Order and will abide by its terms.  Such sworn statement(s) shall be retained by counsel disclosing the Confidential Information or Confidential – Attorneys' Eyes Only Information.    The Court and the opposing counsel may, upon request, inspect the Acknowledgements and Agreements and receive copies thereof.

10.     The following procedures for approving or objecting to the disclosure of another Party's Confidential Information or Confidential – Attorneys' Eyes Only Information to outside experts or consultants shall apply:

(a)      Unless otherwise ordered by the Court or agreed to in writing by the designating Party, a Party that seeks to disclose to an outside expert or consultant any Confidential Information or Confidential – Attorneys' Eyes Only Information must first make a written request to the designating Party that sets forth the full name, city, and state of residence and a current CV of the expert or consultant which identifies the expert or consultant's current employer and each person or entity from whom the expert or consultant received compensation or funding for work in his or her areas of expertise or to whom the expert or consultant has provided professional services including in connection with litigation at any time over the last four (4) years and identifies (by name, case number, filing date and court) any litigation in connection with which the expert or consultant has offered testimony whether through declaration, affidavit, report, or testimony at a deposition or trial during the proceeding four (4) years.

(b)    A Party that makes such a request and provides the information required may disclose the Confidential Information or Confidential – Attorneys' Eyes Only Information unless, within seven days of delivering the request, the Party receives a written objection which sets forth the grounds for the objection.

(c)    If an objection is stated, there shall be a meet-and-confer to try to resolve the matter.  If no agreement is reached, then the Party seeking to limit or deny disclosure may file a motion with the Court.  The burden in such a dispute shall be on the Party opposing disclosure.

(d)    Notwithstanding anything to the contrary, a receiving Party's disclosure of Confidential Information or Confidential – Attorneys' Eyes Only Information to an expert who, at the time of such disclosure, is a consultant or not otherwise disclosed as a testifying expert shall not subject such expert to a deposition or other discovery by the designating Party unless or until the receiving Party designates such expert as a testifying expert.

11.    If Information designated as "Confidential" or "Confidential – Attorneys' Eyes Only" is disclosed to any person other than in the manner authorized by this Protective Order, the person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for all Parties and, without prejudice to other rights and remedies of any Party, shall make a reasonable, good-faith effort to retrieve such material and to prevent further disclosure by it or by the person who received such Information.

12.    Any Party may designate the appropriate portions of any deposition transcript or videotaped deposition transcript (including exhibits) as "Confidential" or "Confidential – Attorneys' Eyes Only" by stating orally on the record of a deposition that certain information or testimony is "Confidential" or "Confidential – Attorneys' Eyes Only" and subject to this Protective

Order; or by indicating in the deposition transcript and on the videotape (if any) what portions of the testimony (or deposition exhibits) were so designated, or by providing written notice to all other Parties of the pages which are designated as "Confidential" or "Confidential – Attorneys' Eyes Only" within fifteen (15) days after receipt of the transcript by the designating Party. Until fifteen (15) days have passed after the receipt of any transcript, the entire transcript and videotape shall be deemed to contain Confidential – Attorneys' Eyes Only Information.A deponent may be shown and examined about confidential information during a deposition subject to the terms of this Protective Order. Any party seeking to use confidential information during a deposition shall first obtain a statement on the record that the deponent and any other persons in attendance have agreed to abide by the terms of this Protective Order, unless disclosure to such person is already permitted pursuant to Paragraphs 7 or 8. While a deponent is being examined about any confidential information, persons to whom disclosure is not authorized under this Protective Order shall not be present absent consent of the producing Party. If the deponent is not someone to whom disclosure of confidential information is already permitted pursuant to Paragraphs 7 or 8, and if the deponent refuses to agree to the terms of this Protective Order, disclosure of such information to the witness during the deposition shall not constitute a waiver of confidentiality, provided that, under such circumstances, the witness shall be asked to read and sign the original deposition transcript in the presence of the court reporter, and no copy of the transcript or related exhibits shall be given to the deponent.

13.    If a Party objects to a designation of Information as "Confidential" or "Confidential – Attorneys' Eyes Only", or to dispute the limitations on access to be accorded such Information under this Protective Order, such Party shall provide to the designating Party written notice of its disagreement. Such a written notice shall specifically identify the Information in dispute and

describe the basis for the challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this Protective Order. The Parties shall attempt to resolve each challenge in good faith and must confer directly within five (5) days of the date the written notice is provided. In conferring, a challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating Party an opportunity to review the designated Information, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. If, despite a good faith effort, the dispute cannot be resolved informally by the Parties, the challenging Party shall file and serve a motion to challenge confidentiality within twenty-one days of the initial notice of challenge or within fourteen days of the Parties agreeing that the meet-and-confer process will not resolve their dispute, whichever is earlier. The Party asserting the designation of the Information as "Confidential" or "Confidential – Attorneys' Eyes Only" shall bear the burden of demonstrating that the Information is entitled to protection from disclosure under applicable law. Pending the Court's ruling, the Party contesting the designation shall continue to treat the Information in the manner required by the Protective Order. A Party's failure to object to the designation of any Information as "Confidential" or "Confidential – Attorneys' Eyes Only" shall not constitute an admission or agreement that the Information is, or in fact contains, Confidential Information or Confidential – Attorneys' Eyes Only Information.

14.    Inadvertent failure to designate Information as "Confidential" or "Confidential – Attorneys' Eyes Only" at the time of production pursuant to this Protective Order may be remedied by supplemental written notice given by the designating Party. Upon receipt of such notification, all documents, materials, or testimony so designated or re-designated shall be fully subject to this Order as if they had been initially so designated; provided, however, that the receiving Party shall

incur no liability for any previous treatment of such Information in conformance with its original designation.

15.     If counsel for any Party files or submits to the Court any Information designated "Confidential" or "Confidential – Attorneys' Eyes Only," the filing shall be accompanied by a motion for leave to file under seal, consistent with applicable Court rules and procedures.

16.     All provisions of the Protective Order restricting the use of Information obtained during discovery shall continue to be binding after the conclusion of this action, including all appeals, until further order of the Court, unless the Parties agree otherwise in writing.  Any and all originals and copies of documents or other Information produced by the Parties to this Protective Order shall, at the request of the designating Party, be returned to the designating Party or destroyed at the designating Party's expense, within ninety days after a final judgment has been entered in this action and the time for appeals has expired, except that counsel for each Party may maintain in its files copies of each pleading and litigation document filed with the Court, and each written discovery request and written discovery response.  Nothing in this Paragraph shall require any Party to destroy attorney work product or attorney-client communications that contain or reflect Confidential Information or Confidential – Attorneys' Eyes Only Information.

17.     Pursuant to Fed. R. Evid. 502(d), the inadvertent disclosure of any document that is subject to a legitimate claim that the document is protected by attorney-client privilege or the work-product doctrine shall not waive the protection or the privilege for either that document or for the subject matter of that document.

18.     Except in the event that the requesting Party disputes the claim of attorney-client privilege or work product protection, any documents the producing Party deems to have been inadvertently disclosed and to be subject to the attorney-client privilege or the work-product

protection shall be, upon written request, promptly returned to the producing Party, or destroyed, at that Party's option.  If the claim is disputed, a single copy of the materials may be retained by the requesting Party for the exclusive purpose of seeking judicial determination of the matter pursuant to Fed. R. Civ. P. 26(b)(5)(B) and Fed. R. Evid. 502. Similarly, a Party that inadvertently produces Information without a stamp marking the document as "Confidential" or "Confidential – Attorneys' Eyes Only" may, by written request within ten days of discovery of the inadvertent production, require the other Party to return or destroy any document that it believes should have been marked as "Confidential" or "Confidential – Attorneys' Eyes Only" to allow the document to be so designated and processed, unless the document is already in the Court's public file.

19.    The Parties bound by this Protective Order, and any individuals/entities that execute the attached Exhibit A, understand and agree that money damages may not be an adequate remedy for any breach or threatened breach of this Protective Order and that any of the Parties shall be entitled to seek immediate injunctive relief or other equitable remedies for any such breach or threatened breach.

20.    Neither this Protective Order nor any Party's designation of Information as "Confidential" or "Confidential – Attorneys' Eyes Only" shall affect the admissibility into evidence of the Information so designated.

21.    Nothing in this Protective Order is intended to constitute an agreement regarding the scope of discovery.

22.    The entry of this Protective Order is without prejudice to the rights of any Party to move for relief from any of its provisions, or to seek or agree to different or additional protection, or to seek or agree to further disclosures for any particular material or information.

11

The foregoing stipulation of the Parties, as evidenced by the signatures of counsel of record appearing below, is so ordered.

DATE: _August 1, 2025_

_____

United States District Court Judge

The foregoing Confidentiality Order and Protective Order is stipulated and agreed-to by the respective undersigned counsel for the parties in the above-captioned action, subject to the approval of the Court.

Dated: August 1, 2025

**K&L GATES LLP**

/s/ John J. Cotter
John J. Cotter (Bar No. 2337574)
john.cotter@klgates.com
Brandon R. Dillman (*pro hac vice*)
brandon.dillman@klgates.com
1 Congress Street, Suite 2900
Boston, Massachusetts 02114-2023
Phone: 617 261 3100

*Attorneys for Plaintiffs Sol de Janeiro USA, Inc. and Sol de Janeiro IP, Inc.*

**POLSINELLI PC**

/s/ Michelle G. Bernstein
Michelle G. Bernstein
New York Bar No. 4905147
215 S Biscayne Blvd, Suite 400
Miami, FL 33131
(212) 413-2848
mbernstein@polsinelli.com
cmoreno@polsinelli.com

Daniel P. Mullarkey
(Pro hac vice application forthcoming)
1401 Eye ("I") Street, N.W., Suite 800
Washington, D.C. 20005
(202) 626-8035
dmullarkey@polsinelli.com

John C. Cleary
600 Third Avenue, 42nd Floor
New York, NY 10016
(212) 413-2837
john.cleary@polsinelli.com

*Attorneys for Defendants MCoBeauty, Inc. and MCoBeauty Pty Ltd*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SOL DE JANEIRO USA, INC. and
SOL DE JANEIRO IP, INC.,

               Plaintiffs,

     v.

MCOBEAUTY PTY LTD and
MCOBEAUTY, INC.,

               Defendants.

Case No. 24-cv-8862

**EXHIBIT A TO CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER -**
**ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND**

I, _____, acknowledge receipt of a copy of the Confidentiality Stipulation and Protective Order (the "Protective Order") entered in the above-captioned action, and I further acknowledge that I have read and understand the terms of the Protective Order, that I agree to be bound by the Protective Order (including, but not limited to, the confidentiality provisions and the provisions regarding the return of Confidential Information, Confidential – Attorneys' Eyes Only Information, or privileged/protected Information), and that I consent to the jurisdiction of the U.S. District Court for the Southern District of New York (the "Court") for enforcement of the same.  I further acknowledge and understand that any unauthorized disclosure of Confidential Information or Confidential – Attorneys' Eyes Only Information or refusal to return materials designated as Confidential or Confidential – Attorneys' Eyes Only may subject me to contempt of Court.


By: _____
Name [Printed]:
Date: _____