**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SOL DE JANEIRO USA, INC., and<br>SOL DE JANEIRO IP, INC.<br><br>Plaintiff,<br>v.<br><br>MCOBEAUTY PTY LTD and<br>MCOBEAUTY, INC.,<br><br>Defendants. | **Case No. 1:24-cv-08862-ER** |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COUNT II OF THE SECOND AMENDED COMPLAINT AND TO ENFORCE THE COURT'S SEPTEMBER 30, 2026 OPINION AND ORDER**

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ... 1

LEGAL STANDARD ... 4

ARGUMENT ... 4

I. COUNT II FAILS BECAUSE "SOME OR ALL" NO LONGER IDENTIFIES A SPECIFIC PROTECTED COMBINATION. ... 4

A. The Second Circuit requires a precise articulation of the claimed trade dress's combination of elements, not merely a catalog of possible features. ... 4

B. Courts have rejected almost identical optional-feature formulations ... 6

C. SAC Paragraphs 23 and 24 leave the subject matter of Count II indeterminate ... 7

D. The Court's prior acknowledgment of product variation does not approve an undefined trade dress ... 9

E. The articulation defect impairs all ensuing merits inquiries and the ability to fashion relief. . ... 9

F. The nonfunctionality allegations cannot cure a claim whose subject matter is left undefined. . ... 10

G. Count II should be dismissed with prejudice following Sol de Janeiro's unnecessary redefinition of its claimed trade dress. ... 11

II. THE COURT SHOULD ENFORCE THE LIMITS OF THE SURVIVING FALSE-ADVERTISING THEORIES. ... 13

A. The YouTube, Trendmood, and review comparisons remain nonactionable as independent alleged false statements. ... 13

B. New Amazon sponsored placements do not furnish an independent false-advertising theory ... 15

CONCLUSION ... 16



122018628.6

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*1-800 Contacts, Inc. v. JAND, Inc.*,
119 F.4th 234 (2d Cir. 2024) ....................15

*APP Group (Canada) Inc. v. Rudsak USA Inc.*,
No. 22-1965, 2024 WL 89120 (2d Cir. Jan. 9, 2024) ....................6

*Cardinal Motors, Inc. v. H&H Sports Protection USA Inc.*,
128 F.4th 112 (2d Cir. 2025) ....................2, 4, 5, 8, 9

*Classic Touch Décor, Inc. v. Michael Aram, Inc.*,
No. 15-CV-453 (NGG) (RLM), 2015 WL 6442394 (E.D.N.Y. Oct. 23, 2015) ....................2, 7, 9

*Eliya, Inc. v. Steven Madden, Ltd.*,
749 F. App’x 43 (2d Cir. 2018) ....................4

*Foman v. Davis*,
371 U.S. 178 (1962) ....................4, 12

*Groden v. Random House, Inc.*,
61 F.3d 1045 (2d Cir. 1995) ....................14

*International Leisure Products, Inc. v. FUNBOY LLC*,
747 F. App’x 23 (2d Cir. 2018) ....................6, 12

*Jacob v. Lorenz*,
No. 21-CV-6807 (ER), 2023 WL 4106298 (S.D.N.Y. June 21, 2023) ....................4, 12

*Landscape Forms, Inc. v. Columbia Cascade Co.*,
113 F.3d 373 (2d Cir. 1997) ....................5

*Maharishi Hardy Blechman Ltd. v. Abercrombie & Fitch Co.*,
292 F. Supp. 2d 535 (S.D.N.Y. 2003) ....................2, 6

*NYU Langone Health System v. Northwell Health, Inc.*,
No. 23-CV-5032 (VEC), 2024 WL 898941 (S.D.N.Y. Mar. 1, 2024) ....................7

*Palm Beach Strategic Income, LP v. Salzman*,
457 F. App’x 40 (2d Cir. 2012) ....................4, 12

*Ruotolo v. City of New York*,
514 F.3d 184 (2d Cir. 2008) ....................4

*TechnoMarine SA v. Giftports, Inc.*,
758 F.3d 493 (2d Cir. 2014)....................12

*The Wonderful Company LLC v. Nut Cravings Inc.*,
No. 23-7540-cv, 2025 WL 212064 (2d Cir. Jan. 16, 2025)....................11

*TrafFix Devices, Inc. v. Marketing Displays, Inc.*,
532 U.S. 23 (2001)....................10

*Virgin Atlantic Airways, Ltd. v. National Mediation Board*,
956 F.2d 1245 (2d Cir. 1992)....................14

*Yurman Design, Inc. v. PAJ, Inc.*,
262 F.3d 101 (2d Cir. 2001)....................5, 7, 9, 10

Defendants MCoBeauty Pty Ltd and MCoBeauty, Inc. (together, "**Defendants**" or "**MCoBeauty**"), by their undersigned counsel and pursuant to Federal Rule of Civil Procedure 12(b)(6), respectfully submit this Memorandum of Law in Support of their Motion to Dismiss Count II of the Second Amended Complaint ("**SAC**", Dkt. 72) filed by Plaintiffs Sol de Janeiro USA, Inc. and Sol de Janeiro IP, Inc. (together, "**Plaintiffs**" or "**Sol de Janeiro**").

## PRELIMINARY STATEMENT

Since the commencement of this litigation nearly two years ago, Sol de Janeiro has consistently identified in pleadings filed before this Court a nine-feature combination as the trade dress that it alleges MCoBeauty infringed. Sol de Janeiro's November 2024 verified Complaint pleaded "the Sol de Janeiro trade dress includes *the combination of the following elements*," and listed nine specified features. Dkt. 1 at ¶ 25 (emphasis added). Its November 2025 Amended Complaint ("**AC**") left the definition unchanged and repeated that identical formulation. Dkt. 41 at ¶ 23. Importantly, this nine-element articulation was the trade dress this Court analyzed in its Opinion and Order — and expressly held sufficient — when it resolved MCoBeauty's first motion to dismiss. *See* Dkt. 68 at 14–16.

Notwithstanding, the Court dismissed Count II (trade dress infringement) because Sol de Janeiro failed to plead nonfunctionality of its claimed trade dress with supporting facts. *Id.* at 16–18, 25. In doing so, the Court recognized additional allegations from Sol de Janeiro's opposition briefing that "might have been sufficient" to plead nonfunctionality had they appeared in the AC. *Id.* at 17 n.3. The Court afforded Sol de Janeiro an opportunity to amend after identifying nonfunctionality as the deficiency warranting dismissal.

Sol de Janeiro's Second Amended Complaint, however, goes well beyond curing the nonfunctionality pleading deficiencies, and includes a significant change to the claimed "Sol de Janeiro Trade Dress." Rather than reincorporate the two prior pleadings' definition, the SAC now

claims "the combination of ***some or all*** of the following" nine elements. *Compare* Dkt. 1 at ¶ 25 and Dkt. 41 at ¶ 23, *with* Dkt. 72 at ¶ 23 (emphasis added). The addition of "some or all" is not a harmless grammatical revision. Rather, it materially alters the trade dress description by substituting numerous unspecified subsets of design elements for the previously defined combination that the Court already considered and approved.

This is precisely the issue addressed in *Maharishi Hardy Blechman Ltd. v. Abercrombie & Fitch Co.*, 292 F. Supp. 2d 535, 544–46 (S.D.N.Y. 2003), *Classic Touch Décor, Inc. v. Michael Aram, Inc.*, No. 15-CV-453 (NGG) (RLM), 2015 WL 6442394 (E.D.N.Y. Oct. 23, 2015), and other decisions in this circuit. Courts consistently reject trade dress formulations that purport to protect unspecified combinations of otherwise enumerated features. The governing Second Circuit decision, *Cardinal Motors, Inc. v. H&H Sports Protection USA Inc.*, 128 F.4th 112, 122–26 (2d Cir. 2025), requires precision as to some ***specific combination*** of components, not merely a list of ingredients from which a plaintiff can later select. Sol de Janeiro knows this; this Court specifically cited *Cardinal Motors* in concluding that the trade dress identified in the AC had been "adequately articulated … sufficient to survive a motion to dismiss." Dkt. 68 at 16.

The procedural history of this case highlights the need to enforce *Cardinal Motors*' articulation requirement and dismiss Sol de Janeiro's revised trade dress claim with prejudice. Sol de Janeiro has always had control over how it articulated its claimed trade dress, but it also now has the benefit of three iterations of its complaint, nearly two years of litigation, substantially complete fact discovery, and the Court's detailed opinion identifying where the prior pleading was and was not sufficient. The Court issued its September 30, 2026 Opinion and Order when the then-

existing fact discovery period had only two days remaining.[1] Document production and most corporate representative depositions had been completed.[2] The Court granted Sol de Janeiro leave to amend to include facts alleging nonfunctionality, but Sol de Janeiro's use of that opportunity to materially change the definition of its trade dress amounts to an 'unforced error.' Its belated expansion of its trade dress articulation at this mature stage is particularly difficult to justify when the Court clearly found the earlier description sufficient. As a result, further leave to amend should be denied, and Count II should be dismissed with prejudice.

Additionally, Sol de Janeiro exceeded the Court-approved boundaries related to its false advertising and New York state unfair trade practices claims (Counts I and III, respectively). In its Opinion and Order, the Court rejected liability theories predicated on the YouTube video, Trendmood Instagram post, and website reviews, while permitting a narrower theory concerning keyword searches on MCoBeauty's own website to proceed in support of those two counts. Dkt. 68 at 10–13, 26–27.[3] The SAC's recharacterization of the social-media allegations and website reviews as evidence of "intent" and its inclusion of new Amazon sponsored-search allegations — material alterations to the facts alleged in support of Counts I and III that this Court has already decided — cannot create additional, independent false advertising and unfair trade practices violations. To be clear, MCoBeauty does not seek dismissal of these counts; the Court has already

---

[1] *See* Dkt. 64 (Order granting Dkt 61 Joint Letter Motion for Extension of Time), Dkt. 61 (Letter Motion for Extension of Time, with October 2, 2026 as date for close of fact discovery).

[2] To the extent the Court denies this motion, MCoBeauty reserves the right to seek leave to re-depose Sol de Janeiro's corporate representative witnesses in light of the changed trade dress description.

[3] Regarding these allegations, the Court held (i) that the social media statements which formed in part the predicate of Sol de Janeiro' false advertising complaint were "not sufficiently pleaded as false," and are inactionable statements of opinion, and (ii) "Sol de Janeiro has failed to plead that the YouTube Video, the Instagram Video, and Website Reviews are misleading" for purposes of the New York unfair trade practices claim. *See* Dkt. 68 at 10-12, 13, 25-26.

deemed the website keyword searches sufficient under Rule 12. However, Sol de Janeiro should be held to this Court's prior findings on what allegations support liability. MCoBeauty expressly reserves all evidentiary objections for the appropriate later stage.

## LEGAL STANDARD

A trade dress claimant must (1) precisely articulate the claimed dress and plausibly allege (2) nonfunctionality, (3) distinctiveness, and (4) likely confusion. *Cardinal Motors*, 128 F.4th at 122–26; *Eliya, Inc. v. Steven Madden, Ltd.*, 749 F. App'x 43, 46 (2d Cir. 2018) (summary order). The articulation inquiry is separate from whether the dress is ultimately distinctive or nonfunctional. *Cardinal Motors*, 128 F.4th at 123–25.

The Court may deny further leave to amend for reasons including undue delay, repeated failure to cure, undue prejudice, or futility, while recognizing Rule 15's liberal amendment policy. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Ruotolo v. City of New York*, 514 F.3d 184, 191–92 (2d Cir. 2008). Where an amendment follows a prior dismissal order, any asserted excess beyond the scope of permission is subject to the district court's discretion. *Palm Beach Strategic Income, LP v. Salzman*, 457 F. App'x 40, 43–44 (2d Cir. 2012); *Jacob v. Lorenz*, No. 21-CV-6807 (ER), 2023 WL 4106298 (S.D.N.Y. June 21, 2023).

## ARGUMENT

### I. COUNT II FAILS BECAUSE "SOME OR ALL" NO LONGER IDENTIFIES A SPECIFIC PROTECTED COMBINATION.

#### A. The Second Circuit requires a precise articulation of the claimed trade dress's combination of elements, not merely a catalog of possible features.

The articulation requirement is an independent threshold to a trade dress infringement claim. *Cardinal Motors*, 128 F.4th at 122 ("Before a court may evaluate the three elements of a trade dress infringement claim [], a plaintiff must clearly articulate what it seeks to protect"). It is a *separate* pleading requirement. In addition to allegations supporting that the claimed trade dress



122018628.6

is distinctive, nonfunctional, and that the accused design is likely to confuse, "a trade dress plaintiff must also articulate with precision the specific components of its claimed trade dress in the complaint." *Id.* As *Cardinal Motors* explains,

> [T]he articulation requirement makes sense for several reasons. First, a precise articulation of the claimed trade dress provides a crucial guidepost for courts and juries to evaluate the merits of an infringement claim. *Landscape Forms, Inc. v. Columbia Cascade Co.*, 113 F.3d 373, 381 (2d Cir. 1997) ("Without such a precise expression of the character and scope of the claimed trade dress, ... courts will be unable to evaluate how unique and unexpected the design elements are in the relevant market."); *Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 117 (2d Cir. 2001) (noting that no juror can evaluate a claim "without knowing precisely what the plaintiff is trying to protect"). Second, the lack of a precisely articulated trade dress may indeed reveal that a plaintiff's infringement claim should fail because it is "pitched at an improper level of generality, i.e., the claimant seeks protection for an unprotectable style, theme or idea." *Landscape Forms*, 113 F.3d at 381; *see also Yurman Design*, 262 F.3d at 117 ("The identification of design elements that compose the asserted trade dress will ... assist in winnowing out claims that are overbroad as a matter of law."). Third, and perhaps most importantly, courts will be "unable to shape narrowly-tailored relief if they do not know what distinctive combination of ingredients deserves protection." *Landscape Forms*, 113 F.3d at 381; *see also Yurman Design*, 262 F.3d at 117 (noting that competitors likely would not know which of its new designs would be subject to challenge "if a court is unable to identify what types of designs will infringe a trade dress").

*Id.* at 123.

*Cardinal Motors* clarified that precise articulation does not require a plaintiff to prove at the pleading stage that its described combination is distinctive; a dress can be sufficiently identified yet later fail on distinctiveness, nonfunctionality, or confusion. 128 F.4th at 123–26. The relevant issue here is therefore not whether a broad combination might ultimately be protectable. It is whether Sol de Janeiro tells the Court which *specific combination* it seeks to protect. *Id.* The initial Complaint and the AC did; the SAC no longer does. This revision is fatal to Sol de Janeiro's trade dress infringement claim.

**B. Courts have rejected almost identical optional-feature formulations.**

The Second Circuit has repeatedly rejected trade dress descriptions that leave the claimed combination of design features indefinite. In *International Leisure Products, Inc. v. FUNBOY LLC*, the Second Circuit affirmed dismissal with prejudice of a second amended complaint where the asserted trade dress contained subjective descriptions and optional or alternative features that made it impossible to discern a single distinctive appearance. 747 F. App'x 23, 25–26 (2d Cir. 2018). The court explained that the multiplicity of possible combinations, coupled with the absence of objective identifiers, rendered the asserted trade dress impermissibly overbroad. *Id.* at 25. Similarly, in *APP Group (Canada) Inc. v. Rudsak USA Inc.*, the Second Circuit affirmed dismissal of a trade dress infringement claim where the plaintiff used "and/or" to describe two asserted features, leaving uncertain whether protection was claimed for either feature individually or both in combination. No. 22-1965, 2024 WL 89120 (2d Cir. Jan. 9, 2024). The court also declined to consider a materially revised articulation advanced for the first time on appeal. *Id.* Although the court vacated the denial of further leave to amend, it affirmed that the operative pleading failed to articulate a sufficiently definite trade dress.

District courts have applied the same principle to reject formulations claiming protection for unspecified subsets of enumerated elements. In *Maharishi Hardy Blechman*, the plaintiff described an asserted trade dress consisting of enumerated features "either alone or in combination." 292 F. Supp. 2d at 539, 544–46. The court explained that even an interpretation limiting protection to certain combinations remained overbroad because neither court nor jury could ascertain which particular combination would trigger the asserted rights. *Id.* at 544–45. Although the decision arose at summary judgment and ultimately rested on additional grounds, its reasoning addresses precisely the articulation problem presented here.

*Classic Touch* is closer still. There, the counterclaim asserted trade dress in "the combination of one or more" enumerated elements. No. 15-CV-453, 2015 WL 6442394. Granting a Rule 12(c) motion, the court held that this open-ended formulation failed to provide adequate notice of the scope of the claimed trade dress. 2015 WL 6442394, at *4-5. The court also considered a separate interrogatory response containing a different articulation and concluded that the claimant was required to adequately identify its trade dress in the operative pleading regardless of the discovery response. *Id.* at *6. The court dismissed the claim without prejudice, a disposition that does not control here given Plaintiffs' prior opportunities to amend and the procedural history of this case.

More recently, in *NYU Langone Health System v. Northwell Health, Inc.*, the Southern District rejected an asserted trade dress consisting of numerous design features connected by alternatives such as "or" and "e.g." No. 23-CV-5032 (VEC), 2024 WL 898941 (S.D.N.Y. Mar. 1, 2024). The court held that the description encompassed too many possible configurations to identify a sufficiently definite trade dress and dismissed the infringement claims without prejudice. 2024 WL 898941, at *4-5.

The common problem in this and the above cases is not the presence of a permissible variation in a product line. It is an open-ended claim of protection over a formulation that fails to state which components, taken together, constitute the particular protected trade dress. Neither MCoBeauty nor the Court should be required to infer or assemble the asserted rights from a menu of possible ingredients. See *Yurman Design*, 262 F.3d at 117.

**C. SAC Paragraphs 23 and 24 leave the subject matter of Count II indeterminate.**

For nearly two years, Sol de Janeiro claimed the combination of nine features, and this Court in its Opinion and Order evaluated that articulation. *See* Dkt. 68 at 14-16. The SAC inserts "some or all," removing any requirement that the protected appearance include the nine-feature

combination. SAC at ¶ 23. Sol de Janeiro has not identified any alternative subset as a distinct trade dress; it does not say which elements are mandatory or what arrangement of an omitted-feature variant is allegedly protected.

Sol de Janeiro may believe that by broadening its description to a “some or all” formulation, it is better protecting its products, but in light of the maturity of this case and this Court’s Opinion and Order, the modification reads as hubris. The consequence is that the “Sol de Janeiro Trade Dress” is now undiscernible. Could a design containing only an elongated translucent bottle, a white cap, and a different color for each fragrance infringe? Could a product without the embossed cap or large central numeral nevertheless embody the same claimed dress? Does the claim include a subset of label elements without the bottle configuration? The SAC does not say.

Indeed, “some or all” permits virtually any nonempty subset of nine categories: over five hundred theoretical combinations, not to mention the alternatives within the categories themselves (e.g., element (c)’s diamond “or” rhombus and element (e)’s “Sol de Janeiro” “or” “Brazilian Crush”), which introduce still further uncertainty. *See* SAC ¶ 23. Paragraph 24 of the SAC compounds the uncertainty by declaring that the listed features “collectively” constitute the dress, without resolving whether all or some are required. This is not a challenge to whether any listed feature is described in enough detail; it is whether the pleading identifies which particular assemblage constitutes the asserted legal right. The enumeration of nine individual features does not resolve the failure to identify which features, taken together, comprise the protected appearance. Unlike the two expressly identified alternative trade dresses upheld in *Cardinal Motors, Inc. v. H&H Sports Protection USA Inc.*, 128 F.4th 112, 124–26 (2d Cir. 2025), Plaintiffs' formulation leaves the asserted combinations undefined.

Further, the SAC’s product photographs cannot answer which subsets Sol de Janeiro affirmatively claims as independent protected combinations. Photographs may assist a precise

textual description, as *Cardinal Motors* and *Classic Touch* recognize, but they do not supply an omitted statement of which features are necessary and which alternatives are being asserted. *See Yurman Design*, 262 F.3d at 117.

**D. The Court's prior acknowledgment of product variation does not approve an undefined trade dress.**

Sol de Janeiro will likely rely on the Court's observation that not every fragrance bottle necessarily contained every listed feature. Dkt. 68 at 16. But the Court's observation did not hold that the trademark owner could claim any unspecified subset of nine elements as its protectable trade dress. The Court expressly found that the AC identified a *specific combination of components*. *Id.* at 15-16[4]; *see also Cardinal Motors*, 128 F.4th at 126.

Variations among actual products are one question; uncertainty about the combination to which exclusive rights attach — an uncertainty that Sol de Janeiro has now injected into its pleading — is another. *Cardinal Motors* allowed two alternatives because the plaintiff ***separately identified*** its General and Detailed Trade Dress. 128 F.4th at 125–26. Sol de Janeiro does not separately articulate any alternative combinations. It instead reserves unidentified alternatives through "some or all." The Court's earlier articulation holding cannot resolve this motion because Sol de Janeiro materially changed the description of its trade dress.

**E. The articulation defect impairs all ensuing merits inquiries and the ability to fashion relief.**

The threshold uncertainty bears on nonfunctionality, secondary meaning, confusion, and therefore, infringement. If features are optional with no identification of which particular combination (or combinations) constitutes the claimed trade dress, the Court cannot determine the

---

[4] Moreover, in the third paragraph of the Opinion and Order's recitation of the factual background, this Court expressly acknowledged Sol de Janeiro's description of the Sol de Janeiro Mists as including ***all nine elements*** listed in paragraph 23 of the AC. *See* Dkt. 68, at p. 2.

claimed subject matter of the functionality inquiry under § 43(a)(3) (and which elements are relevant to Sol de Janeiro's newly pled functionality claims). Nor can it assess whether consumers associate any particular subset of elements with Sol de Janeiro or compare a specific protected dress to an accused product. The same indeterminacy would complicate an injunction, which must identify prohibited conduct with clarity. *See Yurman Design*, 262 F.3d at 117–18; Fed. R. Civ. P. 65(d).

This is a fatal threshold articulation deficiency and does not need the Court to prematurely decide consumer confusion, secondary meaning, or determine that every feature separately must be nonfunctional. Count II fails because its object — the claimed trade dress — is inadequately and indeterminately defined.

**F. The nonfunctionality allegations cannot cure a claim whose subject matter is left undefined.**

The SAC's new nonfunctionality allegations discuss custom molds, packaging decisions, and production expense, including the aesthetic goals of bottle and cap design, alternatives, custom manufacturing, and asserted inefficiencies. SAC at ¶¶ 38–43. Those are factual allegations the Court must assume true at this stage where well pleaded. They also correspond in part to the kinds of assertions identified in the Court's earlier footnote. Dkt. 68 at 17 n.3. But Sol de Janeiro's new allegations concern particular features and design choices; at the same time, their amendment leaves open (and ambiguous) which feature combinations comprise the asserted dress. The fact that a cap was selected for aesthetic reasons or a custom bottle costs more to manufacture does not identify which unspecified selection of bottle, cap, label, and color characteristics constitutes the claimed intellectual property. Functionality must ultimately be assessed in relation to a defined trade dress viewed as a whole, not by choosing among shifting combinations. *See* 15 U.S.C. § 1125(a)(3); *TrafFix Devices, Inc. v. Marketing Displays, Inc.*, 532 U.S. 23, 29–30 (2001).

Paragraph 43 of the SAC paragraph 43 illustrates the mismatch. It relies in part on the alleged manufacturing disadvantage of a rounded bottle base, even though paragraph 23 does not separately identify rounded-base curvature among the nine asserted elements. MCoBeauty does not contend here that the base could never be encompassed within a bottle shape; rather, the SAC does not specify whether it is an essential constituent of the asserted dress or merely a feature of certain products. That question cannot be answered by presuming all configurations are covered.

Packaging combining aesthetic colors, typography, and shapes *may* plausibly be nonfunctional despite individual functional characteristics. See *The Wonderful Company LLC v. Nut Cravings Inc.*, No. 23-7540-cv, 2025 WL 212064 (2d Cir. Jan. 16, 2025). But by modifying its trade dress articulation to include the "some or all" formulation, Sol de Janeiro has created a Gordian Knot: it alleges additional facts concerning the nonfunctionality of selected design characteristics while leaving undefined which combinations of those characteristics comprise the asserted trade dress. The problem is not necessarily the absence of factual allegations concerning nonfunctionality, but the absence of a sufficiently identified combination to which those allegations can be applied. Because the articulation requirement is an independent threshold pleading obligation, the Court need not determine whether Sol de Janeiro's additional nonfunctionality allegations would otherwise be sufficient. These allegations cannot save Count II from the SAC's antecedent failure to identify the trade dress for which protection is sought.

**G. Count II should be dismissed with prejudice following Sol de Janeiro's unnecessary redefinition of its claimed trade dress.**

The Court dismissed Count II because Sol de Janeiro failed to adequately allege nonfunctionality, not because its claimed trade dress was insufficiently articulated. Indeed, the Court expressly found that "Sol de Janeiro has adequately articulated the trade dress sufficient to survive a motion to dismiss." Dkt. 68 at 16. Sol de Janeiro thus had a clear path to curing the

identified deficiency: supplement its nonfunctionality allegations while preserving the articulation the Court had already approved. Instead, Sol de Janeiro elected to materially expand that definition through the indefinite "some or all" formulation.

Courts in this Circuit recognize that leave to amend to cure an identified deficiency does not necessarily authorize a plaintiff to materially alter other aspects of its claims. *See Palm Beach Strategic Income, LP v. Salzman*, 457 F. App'x at 43–44; *Jacob v. Lorenz*, No. 21-CV-6807 (ER), 2023 WL 4106298, at *2 n.6. The Court's Opinion and Order did not expressly prohibit amendments unrelated to nonfunctionality (although leave for such limited amendment was the reasonable inference from the Court's Order), but Sol de Janeiro's unnecessary expansion of their previously approved articulation must independently satisfy Rule 12(b)(6). As demonstrated above, it does not.

Dismissal with prejudice is warranted. Rule 15 favors amendment, but it does not confer an unlimited entitlement to successive pleadings. Courts may deny further leave based on repeated pleading opportunities, undue delay, prejudice, and failure to cure identified deficiencies. *See Foman v. Davis*, 371 U.S. at 182; *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505–06 (2d Cir. 2014). Notably, in *International Leisure Products*, the Second Circuit affirmed dismissal with prejudice of a second amended trade dress complaint containing an inadequately articulated combination of optional features after the plaintiff had received prior opportunities to plead its claim. 747 F. App'x 23, 25–26.

Here, Sol de Janeiro has filed three complaints, litigated the sufficiency of its trade dress claim, and received detailed judicial guidance concerning the deficiencies requiring correction. Moreover, when the Court issued its September 30 Opinion and Order, the scheduled close of fact discovery was only two days away. MCoBeauty does not claim surprise from Plaintiffs' broader position during discovery; rather, the concern is that Plaintiffs have introduced an indefinite

definition at an advanced stage of litigation, notwithstanding the Court's approval of their earlier articulation. Further amendment would prolong litigation over the identification of rights Sol de Janeiro has controlled and had the opportunity to define since November 2024.

The relevant information has always been within Sol de Janeiro's possession and knowledge. The claimed trade dress concerns Sol de Janeiro's own products, packaging, design decisions, and asserted intellectual property rights. Sol de Janeiro has never lacked access to the information necessary to identify the particular combinations for which it seeks protection. Nor does the SAC identify newly discovered information requiring Sol de Janeiro to abandon the articulation it maintained for nearly two years.

This is a problem of Sol de Janeiro's own making. After receiving an express judicial determination approving its prior articulation, Sol de Janeiro elected to broaden that articulation through an indefinite "some or all" formulation. The Court should not be required to entertain further reformulations of those rights merely because Sol de Janeiro chose to introduce a new pleading deficiency where none had previously existed. The Court should also not be expected to rewrite SAC paragraph 23, select a particular subset of features, or delete the language Sol de Janeiro deliberately inserted. The SAC is the operative pleading and must satisfy the articulation requirement as written. Having elected to replace a sufficiently articulated definition with one that fails that threshold requirement, Sol de Janeiro should not receive yet another opportunity to reformulate their claimed rights. Count II should be dismissed *with prejudice* and without further leave to amend.

## II. THE COURT SHOULD ENFORCE THE LIMITS OF THE SURVIVING FALSE-ADVERTISING THEORIES.

### A. The YouTube, Trendmood, and review comparisons remain nonactionable as independent alleged false statements.

The Court held that the challenged YouTube video, Instagram video, and website reviews expressed subjective opinions comparing fragrance and longevity, and did not themselves plausibly state Lanham Act false-advertising liability. Dkt. 68 at 10–13. The Court reached the same material-misleadingness conclusion for those social-media and review statements under New York General Business Law § 349, while allowing the website-keyword theory to proceed. *Id.* at 26–27.

The SAC repleads those same comparisons and asserts that they are actionable.[5] SAC at ¶¶ 69–96. It also newly-alleges paid influencer relationships. *See*, e.g., *id.* at ¶¶ 69, 77 (adding language specifying that MCoBeauty paid the content creators associated with the YouTube and Instagram videos). Those allegations might bear on authorship or attribution, but they do not convert scent-based opinions into objectively verifiable statements. *See Groden v. Random House, Inc.*, 61 F.3d 1045, 1051 (2d Cir. 1995); Dkt. 68 at 10–12. Count I's and Count III's general incorporations of prior paragraphs disregard the Court's legal ruling that these allegations are not the basis for false advertising or unfair trade practices. *See* SAC at ¶¶ 117–20, 128-131.

Under the law-of-the-case principle, previously decided issues ordinarily should not be relitigated without an intervening change of law, new material evidence, or another sufficient reason. *See Virgin Atlantic Airways, Ltd. v. National Mediation Board*, 956 F.2d 1245, 1255 (2d Cir. 1992). Sol de Janeiro has not identified changed statements that warrant another ruling on whether the challenged subjective comparisons are independently false or misleading. The SAC's added allegations that MCoBeauty compensated the content creators do not represent new

---

[5] Despite the Court's finding that the social media posts and customer reviews are "statements of opinion, not actionable false or misleading statements" (Dkt. 68 at 11-12), the SAC continues to insist that these statements are false, incorrect, or misleading. *See* SAC at ¶¶ 73, 75, 78, 85, 87, 91, 95, 96, 118.

information and do not alter the substance of the challenged scent-comparison statements or transform those subjective assessments into objectively verifiable representations. The SAC does not cure the specific deficiencies identified in the Court's prior ruling as to allegations supporting Counts I and III.

MCoBeauty accordingly requests confirmation that Counts I and III cannot impose liability, damages, or injunctive relief on the theory that those previously rejected scent-comparison statements are nevertheless actionable false or misleading representations for some other purpose. That request does not ask the Court at the pleading stage to exclude the videos, posts, or reviews as evidence for every conceivable purpose. MCoBeauty's right to challenge their admissibility and use for other issues, if relevant, is reserved under the Federal Rules of Evidence.

**B. New Amazon sponsored placements do not furnish an independent false-advertising theory.**

The SAC also newly alleges that MCoBeauty products appeared beside Sol de Janeiro products in Amazon search results and were marked as sponsored. SAC ¶¶ 51–52 and accompanying exhibits A and B.[6] Those new facts do not expand the theory the Court previously sustained. The Court distinguished search advertising on external platforms from searches conducted on MCoBeauty's own website, the latter being the practice it found adequately pleaded. *See* Dkt. 68 at 12–13. And the SAC itself says that Count I is focused on MCoBeauty's own website keywords. SAC at ¶ 67.

---

[6] SAC's Exhibit A, cited as showing the Sol de Janeiro and MCoBeauty products "side by side" (see ¶ 51) depicts search results "49-96 of 156 results for [search term] 'sol de janeiro *fragrance mists*,'" (emphasis added). Moreover, the image in paragraph 23 of MCoBeauty's product "side by side" a Sol de Janeiro mist appears in Exhibit A after not only numerous Sol de Janeiro products but also products by brands Philosophy, Ariana Grande, Cake Beauty, and others. Similarly, SAC's Exhibit B, showing "1-48 of 152 results for 'sol de Janeiro fragrance mist'," does not depict an MCoBeauty product until the *seventh* page of the exhibit, after numerous Sol de Janeiro products, and products by the brands Daise, DAE, Phlur, and Summer Fridays.

The Second Circuit has held that merely bidding on a competitor's mark as a keyword for external search advertising does not itself establish Lanham Act infringement; the content and context of the resulting advertisement are relevant and must be considered. *1-800 Contacts, Inc. v. JAND, Inc.*, 119 F.4th 234, 240, 248–49 (2d Cir. 2024). That decision addressed trademark infringement and confusion rather than every possible false advertising claim, but it bears directly on any suggestion that an external sponsored search placement by itself misrepresents affiliation. The SAC does not allege that MCoBeauty selected or purchased "Sol de Janeiro" as an Amazon advertising keyword, and it identifies no particular false statement in the ***MCoBeauty***-labeled sponsored result. Its allegation that Amazon displays a sponsored competitor when the phrase "fragrance mist" is included in the search term is not the same as a well-pleaded actionable false or misleading representation.

If Sol de Janeiro intends the Amazon allegations as background concerning competition or intent, those issues are distinct from independent liability; admissibility is for an appropriate later stage. If it intends an independent Amazon sponsored-search theory under Count I or III, that theory exceeds the grounds previously sustained and is insufficiently pleaded. The Court should so hold without reconsidering the existing on-site website-keyword theory, which MCoBeauty recognizes survived the prior motion.

**CONCLUSION**

For these reasons, MCoBeauty respectfully requests that the Court (i) dismiss Count II of the Second Amended Complaint *with prejudice* and without further leave to amend under Rule 12(b)(6) and the applicable Rule 15 principles; (ii) enforce its September 30, 2026 Opinion and Order by holding that the previously rejected YouTube, Trendmood, and review statements cannot furnish independent bases for liability or relief under Counts I or III; (iii) hold that SAC ¶¶ 51–52

do not assert a sufficient, additional, independent false-advertising or § 349 violation based on Amazon sponsored-search results; and (iv) grant such other relief as the Court deems proper.

Dated: November 3, 2026

Respectfully submitted,

**POLSINELLI PC**

*/s/ Michelle G. Bernstein*
Michelle G. Bernstein
315 Biscayne Boulevard, Suite 400
Miami, FL 33131
(305) 921-1800
mbernstein@polsinelli.com
cmoreno@polsinelli.com

Emily C. McNally (admitted *pro hac vice*)
1000 Second Avenue, Suite 3500
Seattle, WA 98104
(206) 393-5400
emcnally@polsinelli.com

John Posthumus (admitted *pro hac vice*)
1401 Lawrence Street, Unit 2300
Denver, CO 80202
(303) 572-9300
jposthumus@polsinelli.com

*Counsel for Defendants MCoBeauty Pty Ltd and MCoBeauty, Inc.*

## CERTIFICATE OF COMPLIANCE

The above signatory certifies that this Memorandum contains 5,188 words, in compliance with Local Civil Rule 7.1(c), and is within twenty-five pages, in compliance with Section 2(B) of this Court's Individual Practices.