**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SOL DE JANEIRO USA, INC. and
SOL DE JANEIRO IP, INC.,

Plaintiffs,

v.

MCOBEAUTY PTY LTD and
MCOBEAUTY, INC.,

Defendants.

Case No. 1:24-cv-08862-ER

**SOL DE JANEIRO'S OPPOSITION TO**
**DEFENDANT MCOBEAUTY'S SECOND MOTION TO DISMISS**

# TABLE OF CONTENTS


I. INTRODUCTION ........................................................................................................1

II. SOL DE JANEIRO'S UNIQUE AND SUCCESSFUL TRADE DRESS AND MCOBEAUTY'S INTENTIONAL INFRINGEMENT ....................................................3

III. LEGAL STANDARD.....................................................................................................6

IV. ARGUMENT ................................................................................................................7

A. Sol de Janeiro Has Adequately Pled A Claim for Trade Dress Infringement. ........7

1. Sol de Janeiro Articulates Its Trade Dress With Specificity........................7

2. Sol de Janeiro Has Adequately Alleged That Its Claimed Trade Dress Is Non-Functional. ..........................................................................11

3. Sol de Janeiro Has Sufficiently Pled Secondary Meaning and Confusion Between Goods. ..........................................................................12

B. MCoBeauty's Request to Exclude YouTube, Instagram, and Review Comparison Evidence Is Vague and Premature. ..........................................................13

C. MCoBeauty's Request for a Holding on Its Amazon Sponsored Placements Is An Improper Request for Advisory Opinion and Should Be Denied. .........................14

V. CONCLUSION.............................................................................................................15

# TABLE OF AUTHORITIES

**Cases** **Page(s)**

*APP Group (Canada) Inc. v. Rudsak USA Inc.*,
No. 22-1965, 2024 WL 89120 (2d Cir. Jan. 9, 2024) .......... 10

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) .......... 6

*Barrett v. City of Newburgh*,
No. 13-cv-04118 (NSR), 2014 WL 1092176 (S.D.N.Y. Mar. 18, 2014),
*aff'd*, 720 F. App'x 29 (2d Cir. 2017) .......... 15

*Bell Atlantic Corp v. Twombly*,
550 U.S. 544 (2007) .......... 6

*Calise v. Casa Redimix Concrete Corp.*,
No. 20-cv-7164-PAE, 2022 WL 355665 (S.D.N.Y. Feb. 4, 2022) .......... 14

*Cardinal Motors, Inc. v. H&H Sports Protection USA Inc.*,
128 F.4th 112 (2d Cir. 2025) .......... 7, 8, 10

*Classic Touch Decor, Inc. v. Michael Aram, Inc.*,
No. 15-cv-453 (NGG)(RLM), 2015 WL 6442394 (E.D.N.Y. Oct. 23, 2015) .......... 11

*DiFolco v. MSNBC Cable LLC*,
622 F.3d 104 (2d Cir. 2010) .......... 7

*Doe v. N.Y. Univ.*,
No. 1:20-cv-1343-GHW, 2021 WL 1226384 (S.D.N.Y. Mar. 31, 2021) .......... 7

*Guttmacher Inst. v. McPherson,*
616 F. Supp. 195 (S.D.N.Y. 1985) .......... 15

*Halebian v. Berv*,
644 F.3d 122 (2d Cir. 2011) .......... 3, 6

*In re Elevator Antitrust Litig.*,
502 F.3d 47 (2d Cir. 2007) .......... 6

*Int'l Diamond Importers, Inc. v. Oriental Gemco (N.Y.), Inc.*,
64 F. Supp. 3d 494 (S.D.N.Y. 2014) .......... 8

*Int'l Leisure Products, Inc. v. FUNBOY LLC*,
747 Fed. Appx. 23 (2d Cir. Sept. 6, 2018) .......... 10

*Landscape Forms, Inc. v. Columbia Cascade Co.*,
113 F.3d 373 (2d Cir. 1997) .......... 7

*Maharishi Hardy Blechman Ltd. v. Abercrombie & Fitch Co.*,
292 F. Supp. 2d 535 (S.D.N.Y. 2003) ........ 10

*Nielsen v. Rabin*,
746 F.3d 58 (2d Cir. 2014) ........ 6

*NYU Langone Health Sys. v. Northwell Health, Inc.*,
No. 23-cv-5032-VEC, 2024 WL 898941 (S.D.N.Y. Mar. 1, 2024) ........ 10

*Pearl Musical Instrument Co. v. Hoshino Gakki Co.*, No. 23-3220,
2026 WL 1962579 (E.D. Pa. July 7, 2026) ........ 9

*Polaroid Corp. v. Polaroid Elecs. Corp.*,
287 F.2d 492 (2d Cir. 1961) ........ 13

*Sikhs for Justice v. Nath*,
893 F. Supp. 2d 598 (S.D.N.Y. 2012) ........ 6

*Transcience Corp. v. Big Time Toys,*
*LLC*, 50 F. Supp. 3d 441 (S.D.N.Y. 2014) ........ 15

**Rules**

Federal Rule of Civil Procedure 12 ........ 1

Plaintiffs Sol de Janeiro USA, Inc. and Sol de Janeiro IP, Inc. (together, "Plaintiffs" or "Sol de Janeiro"), pursuant to Federal Rule of Civil Procedure 12(b)(6), Local Civil Rule 7.1(a)(2), and this Court's Individual Practices, submit this Opposition to Defendants MCoBeauty Pty Ltd's and MCoBeauty, Inc.'s (together, "Defendants" or "MCoBeauty") Motion to Dismiss Sol de Janeiro's Second Amended Complaint. (Dkt. 73, 74, "Mot."). MCoBeauty flat out copied Sol de Janeiro's distinctive trade dress and provides no plausible basis for dismissal; the Motion should be denied.

## I. INTRODUCTION

Sol de Janeiro's Second Amended Complaint, like its prior Complaints, sets out a clear case of false advertising, trade dress infringement, and unfair competition by MCoBeauty, based on MCoBeauty's marketing copies of Sol de Janeiro's distinctive fragrance mists. Dkt. 72 ("SAC"). Some examples of MCoBeauty's copying are shown as follows at pages 2-3 of the Second Amended Complaint:

















MCoBeauty's mists are likely to cause confusion with Sol de Janeiro's Cheirosa Perfume Mists by copying the distinctive Sol de Janeiro colors, bottle shape, bottle size, markings, and fragrance names. Sol de Janeiro does not need to prove these facts now, although it has gone a long way toward doing that as the court found in addressing MCoBeauty's first motion to dismiss. Order and Opinion on MCoBeauty's First Motion to Dismiss (Dkt. 68) (the "Order"). Instead, Sol de Janeiro just needs to make plausible allegations about the existence of protectable trade dress

and the likelihood of confusion created by MCoBeauty's similar trade dress, and about the falsity of MCoBeauty's advertising and promotion.

MCoBeauty's Motion ignores that the purpose of Rule 12(b)(6) "is to test, in a streamlined fashion, the formal sufficiency of the plaintiff's statement of a claim for relief without resolving a contest regarding its substantive merits" or "weigh[ing] the evidence that might be offered to support it." *See Halebian v. Berv*, 644 F.3d 122, 130 (2d Cir. 2011) (internal quotation marks and citation omitted). Instead, MCoBeauty argues the merits of the facts alleged by Sol de Janeiro and attempts to cut short the discovery and trial process. Sol de Janeiro has stated facts sufficient to merit discovery and present its claims to a factfinder. This Motion is a waste of the Court's resources and should be denied.

## II. SOL DE JANEIRO'S UNIQUE AND SUCCESSFUL TRADE DRESS AND MCOBEAUTY'S INTENTIONAL INFRINGEMENT

Founded in 2015, Sol de Janeiro quickly has become a leading U.S. based developer, distributor, and retailer of premium quality skin, hair, and body care products, including since 2017 its Gen Z and Millennial-favorite Cheirosa Perfume Mists. SAC ¶¶ 9–19. "Cheirosa" means to smell incredibly delicious and is the ultimate compliment in Brazil.[1] Cheirosa is the inspiration for all Sol de Janeiro's perfume mists.[2] Since launch, Sol de Janeiro's substantial investments in advertising and promotion of Cheirosa Perfume Mists have returned multi-million sales, won numerous awards, topped bestseller lists, and been featured on social media accounts of celebrities and influencers. *See* SAC ¶¶ 14–17. Consumers know Sol de Janeiro's Cheirosa Perfume Mists by their unique non-functional packaging, designed to convey a natural elegance and to embody the

---

[1] SAC ¶ 38; *see* https://soldejaneiro.com/blogs/fragrance/behind-the-scents-how-we-name-our-perfume-mist (Sol de Janeiro website page "Behind the Scents: How We Name Our Perfume Mists," last viewed November 25, 2026).

[2] *See id.*

Sol de Janeiro brand: an elongated cylindrical white cap with embossed stylized wording, an elongated translucent bottle with the cap overhanging the sides, white text on the bottle inside an elongated geometric shape with a large, white number inside that shape, and a different colored translucent bottle for each fragrance (the "Sol de Janeiro Trade Dress"). SAC ¶¶ 23–25. These plainly stated allegations about Sol de Janeiro's products are taken as true for this Motion.

In contrast to Sol de Janeiro's innovation and investment in its distinctive design, MCoBeauty's Australian-based business is to copy popular cosmetic products and sell cheap knockoffs of those products around the world. SAC ¶ 44. MCoBeauty's strategy is to get as close to the line of infringement as it hopes to get away with. But MCoBeauty has gone over that line and directly copied Sol de Janeiro's Cheirosa Perfume Mists. SAC ¶¶ 53–66.

Shortly before this suit was filed, MCoBeauty began selling a knockoff Cheirosa Perfume Mist in the United States with packaging highly similar to the Sol de Janeiro Trade Dress: a white cylindrical cap with embossed text, a long elongated translucent bottle with a different color for each fragrance, an elongated geometric shape on the side of the bottle in white text with a large, white number inside that shape. SAC Introduction and ¶¶ 101–102 (images showing the Accused Products' copied Sol de Janeiro Trade Dress).

| **MCoBeauty Fragrance Mist No. 6** | **Sol de Janeiro Cheirosa Perfume Mist 87** |
| --- | --- |
|  |  |

| **MCoBeauty Fragrance Mist No. 7** | **Sol de Janeiro Cheirosa Perfume Mist 48** |
| --- | --- |
|  |  |

Notably, the height, color, and even certain scent names of the Accused Products all match Sol de Janeiro's Cheirosa Perfume Mists: there is nothing accidental or coincidental about MCoBeauty's choices. SAC ¶¶ 80–83 (showing the names on both the Sol de Janeiro Cheirosa Perfume Mists and Accused Products are nearly the same). Also, like its trade dress, Sol de Janeiro's Cheirosa Perfume Mist scent names are unique (e.g., Pistachio & Salted Caramel, Black

Amber Plum & Vanilla Woods, etc.) and could not have been copied or nearly copied accidentally by MCoBeauty. As a whole, the intent of MCoBeauty is to copy or nearly copy as much of the prior user's trade dress and marketing in order to trade on the goodwill of the prior user.

## III. LEGAL STANDARD

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S 662, 678 (2009) (quoting *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007)). Sol de Janeiro's claims are facially plausible because the SAC "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). Sol de Janeiro alleged sufficient facts to show "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

However, this "flexible plausibility standard" is not a heightened pleading standard, *In re Elevator Antitrust Litig.*, 502 F.3d 47, n.3 (2d Cir. 2007) (internal quotation marks and citations omitted), and "a complaint…does not need detailed factual allegations" to survive a motion to dismiss, *Twombly*, 550 U.S. at 555. The question "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Sikhs for Justice v. Nath*, 893 F. Supp. 2d 598, 615 (S.D.N.Y. 2012) (citation omitted). Rule 12(b)(6) tests the "sufficiency of the plaintiff's statement of a claim for relief without resolving a contest of its substantive merits" or "weigh[ing] the evidence that might be offered to support it." *See Halebian,* 644 F.3d at 130.

Thus, when ruling on a Rule 12(b)(6) motion, the Court accepts all factual allegations in the complaint as true and draws all reasonable inferences in the plaintiff's favor. *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014). The court may also consider "documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *See Doe v. N.Y. Univ.*,

No. 1:20-cv-1343-GHW, 2021 WL 1226384, at *10 (S.D.N.Y. Mar. 31, 2021) (quoting *DiFolco v. MSNBC Cable LLC*, 622 F.3d 104, 111 (2d Cir. 2010)).

The Court's Order found that Sol de Janeiro had adequately articulated the Sol de Janeiro Trade Dress, sufficiently pled acquired secondary meaning, and adequately pled consumer confusion. Order at 16 ("Sol de Janeiro has adequately articulated the trade dress sufficient to survive a motion to dismiss"); 18–19 (Sol de Janeiro alleged facts that "weigh in favor of finding a secondary meaning"); 25 ("Because of the strength of Sol de Janeiro's brand, the striking similarity of the marks and products, and the fact that the parties target similar consumers in similar channels of commerce, the Court finds that Sol de Janeiro has adequately pleaded consumer confusion."). None of that has changed with the Second Amended Complaint. The only portion of Sol de Janeiro's Lanham Act Trade Dress Infringement claim at issue is non-functionality of the Sol de Janeiro Trade Dress. *Id*.

## IV. ARGUMENT

### A. Sol de Janeiro Has Adequately Pled A Claim for Trade Dress Infringement.

To prevail on a claim of trade dress infringement, "an action requires a plaintiff[] to show (a) that its trade dress is entitled to protection under the Act, and (b) that the defendant's dress infringes on the plaintiff's dress by creating a likelihood of confusion." *Landscape Forms, Inc. v. Columbia Cascade Co.*, 113 F.3d 373, 377 (2d Cir. 1997).

#### 1. Sol de Janeiro Articulates Its Trade Dress With Specificity.

"The articulation requirement [] requires trade dress plaintiffs bringing claims of product design infringement to separate out and clearly identify in a list the discrete components that make up its trade dress." *Cardinal Motors, Inc. v. H&H Sports Protection USA Inc.*, 128 F.4th 112, 123 (2d Cir. 2025). Sol de Janeiro has done exactly that in its Second Amended Complaint by articulating a defined list of the unique elements that make up the Sol de Janeiro Trade Dress. SAC

¶ 23; *see* Order at 15-16 (recognizing Sol de Janeiro's "sufficiently precise" articulation of its trade dress). The Second Amended Complaint also includes images of the Cheirosa Perfume Mists to further inform the Sol de Janeiro Trade Dress. Order at 15 ("images may indeed assist Sol de Janeiro in articulating the trade dress").

The elements defining Sol de Janeiro's Trade Dress have remained the same from its First Amended Complaint, and the Court stated that those elements were "adequately articulate[d]." Order at 15. Specifically, the Court stated that in *Cardinal Motors*

> the Second Circuit found that the articulation of a helmet's trade dress was sufficient where its design elements were described as having, among other things, "a curved top, thin chin protector, relatively large eyeport height . . . [and] a single-level non-stepped chin bar surface." *Cardinal Motors*, 128 F.4th at 125–26 (internal quotation marks omitted). The present amended complaint lists no fewer than nine precise and specific components that encompass the trade dress, ***even more detailed than those in Cardinal Motors***.

*Id.* (emphasis added).

In fact, the only change in the Court's approved language from Sol de Janeiro's First Amended Complaint to the Second Amended Complaint is the phrase "some or all" to define the elements of the Sol de Janeiro Trade Dress. SAC ¶ 23. But the Court already addressed this in its Order:

> MCoBeauty states that not all the Sol de Janeiro Mists contain each element in Sol de Janeiro's trade dress list, including a description of the fragrance profile. Doc. 49 at 22. But this fails to rebut that "the articulation is sufficiently precise as to the specific combination of components that comprise [the] trade dress" such that it "satisfies the articulation requirement." *Cardinal Motors*, 128 F.4th at 126. Sol de Janeiro has adequately articulated the trade dress sufficient to survive a motion to dismiss.

Order at 16.

Language like "some or all" has been accepted by this Court and other courts as part of properly articulated trade dress. *Int'l Diamond Importers, Inc. v. Oriental Gemco (N.Y.), Inc.*, 64 F. Supp. 3d 494, 523–24 (S.D.N.Y. 2014) (accepting trade dress defined by the phrase "and/or");

*Pearl Musical Instrument Co. v. Hoshino Gakki Co.*, No. 23-3220, 2026 WL 1962579 at *3 (E.D. Pa. July 7, 2026) (accepting trade dress defined by eight enumerated features "both alone and in combination with one or more other design features.").

MCoBeauty argues that the phrase "some or all" permits Sol de Janeiro to claim infringement by any product that meets an arbitrary subset of the Sol de Janeiro Trade Dress elements. Mot. at 7–10. But the Second Amended Complaint defines the Sol de Janeiro Trade Dress as "elements described in paragraph 23 collectively" and limits the Trade Dress to a bottle-cap-label ensemble. SAC ¶¶ 22–24. These paragraphs make the supposed arbitrary-subset reading far less plausible than MCoBeauty argues. The words "some or all" do not erase the geometry, text hierarchy, contours, colors, and arrangement that follow them. Sol de Janeiro's proposed construction limits the claim to the described overall ensemble as presented in the pleaded line, not a translucent bottle alone, a white cap alone, or any arbitrary selection of features as MCoBeauty contends.

The photographs included in the Second Amended Complaint complement the Sol de Janeiro Trade Dress definition, which is specified by nine features. SAC ¶¶ 18, 23, 80–83, 98–106. Sol de Janeiro does not rely on photographs to identify an unpleaded set of alternative dresses, as MCoBeauty argues. *See* Mot. at 8–9.

MCoBeauty has also known of Sol de Janeiro's trade dress definition since before MCoBeauty deposed any of the four Sol de Janeiro witnesses deposed so far, i.e., since the middle of discovery – which remains open – when Sol de Janeiro provided supplemental answers to MCoBeauty's interrogatories using "some or all." Declaration of John J. Cotter. Notably, MCoBeauty did not demand or move to compel further answers, and six months later questioned both Sol de Janeiro's Rule 30(b)(6) witness on nonfunctionality and its Chief Executive Officer in

detail about the trade dress definition and the phrase "some or all." *Id*. Thus, MCoBeauty conducted discovery with full knowledge of and specifically directed to the challenged language and will have an opportunity to depose another Sol de Janeiro 30(b)(6) witness on the trade dress definition. *Id*.

In addition, the cases MCoBeauty cites do not support its position. In *Cardinal Motors,* the Second Circuit found that the plaintiff properly articulated its trade dress, which covered a series of elements similar to that of Sol de Janeiro. 128 F.4th at 124–26. As stated above, this Court found that Sol de Janeiro "lists no fewer than nine ***precise and specific components*** that encompass the trade dress, ***even more detailed than those in Cardinal Motors***" and therefore exceeds the requirement to adequately articulate its trade dress. Order at 15 (emphasis added).

MCoBeauty also relies on *APP Group (Canada) Inc. v. Rudsak USA Inc.*, No. 22-1965, 2024 WL 89120 (2d Cir. Jan. 9, 2024), and *Int'l Leisure Products, Inc. v. FUNBOY LLC*, 747 Fed. Appx. 23 (2d Cir. Sept. 6, 2018), even though *Cardinal Motors* expressly identified those as decisions that erroneously incorporated distinctiveness into articulation. 128 F.4th at 124. MCoBeauty further relies on *Maharishi Hardy Blechman*, but that decided a motion for summary judgment and is inapplicable to a Rule 12(b)(6) motion's plausibility standard. *Maharishi Hardy Blechman Ltd. v. Abercrombie & Fitch Co.*, 292 F. Supp. 2d 535, 540 (S.D.N.Y. 2003). *NYU Langone Health Systems* is distinguishable because in dismissing the trade dress claim without prejudice, the court did so not because of NYU Langone's use of the word "or" but rather because the trade dress definition was "confusing." *NYU Langone Health Sys. v. Northwell Health, Inc.*, No. 23-cv-5032-VEC, 2024 WL 898941, at *4 (S.D.N.Y. Mar. 1, 2024). Finally, in *Classic Touch Décor*, the trade dress was unenforceable because, unlike the specific detail provided by Sol de Janeiro, the plaintiff's articulation of trade dress elements was "far too broad." *Classic Touch*

*Decor, Inc. v. Michael Aram, Inc.*, No. 15-cv-453 (NGG)(RLM), 2015 WL 6442394, at *5 (E.D.N.Y. Oct. 23, 2015).

In contrast to these cases cited by MCoBeauty, the Sol de Janeiro Trade Dress is clearly defined and articulated by the nine elements comprising the Trade Dress, which are guided by images of the relevant products and limitations in the Second Amended Complaint to a cap-bottle-label combination. SAC ¶¶ 18, 22–24, 80–83, 98–106. As stated by this Court, Sol de Janeiro met and exceeded the articulation requirement under *Cardinal Motors*, so MCoBeauty's Motion should be denied. Order at 15.

**2. Sol de Janeiro Has Adequately Alleged That Its Claimed Trade Dress Is Non-Functional.**

MCoBeauty argues that it cannot evaluate whether the Sol de Janeiro Trade Dress is functional because the trade dress is not adequately articulated. Mot. at 10. But this argument fails because as noted above and found by the Court the Sol de Janeiro Trade Dress is articulated with "nine precise and specific components." Order at 15. Sol de Janeiro has pled extensive facts alleging the non-functionality of the Sol de Janeiro Trade Dress (SAC ¶¶ 38–43), and MCoBeauty notably does not argue the sufficiency of those allegations. As stated in the Second Amended Complaint, the Sol de Janeiro Trade Dress is inspired by "cheirosa," which means to smell delicious, and reflects both Brazil's vibrant, joyful spirit and its natural elegance. *Id*. Each Sol de Janeiro Cheirosa Perfume Mist is inspired by a specific year in Brazilian history, and its scent and appearance are designed to evoke that year. *Id*. For example, Sol de Janeiro Cheirosa Perfume Mist 62 is inspired by Brazilian singer Pery Ribeiro's release of "The Girl from Ipanema" in 1962—when the world fell in love with Brazil's iconic beach culture. *Id*. Sol de Janeiro Cheirosa Perfume Mist 62 evokes the beach and a fun, natural sensualidade found only in Brazil through its bright

orange bottle color, elegant lettering and numerals, elongated bottle and cap shape, and beautifully embossed cap. *Id.*

Sol de Janeiro provides further evidence of non-functionality, such as the cost of custom tooling, colors, and product molds. *Id.* ¶ 42. Sol de Janeiro has further alleged facts of manufacturing challenges it faces because of the Sol de Janeiro Trade Dress, such as bottle tipping caused by the shape of the Sol de Janeiro Cheirosa Perfume Mist Bottle. *Id.* ¶ 43.

Because Sol de Janeiro has plausibly pled that the Sol de Janeiro Trade Dress is adequately articulated and the Trade Dress is non-functional, MCoBeauty's Motion should be denied.

**3. Sol de Janeiro Has Sufficiently Pled Secondary Meaning and Confusion Between Goods.**

The Court previously ruled that Sol de Janeiro pled secondary meaning of the Sol de Janeiro Trade Dress through its allegations of "substantial investments in advertising," sales of over "100 million units of beauty and cosmetic products including the Sol de Janeiro Mists," numerous awards "including the 2015 Latina Beauty Award, the 2025 Allure Reader's Choice Award for Body, two nominations in the 2024 Fragrance Foundation Awards," etc. Order at 18. The court explicitly found that "[d]espite MCoBeauty's contention that Sol de Janeiro failed to link its success to the claimed trade dress, Doc. 49 at 25, as previously noted, Sol de Janeiro alleged that it designed the trade dress elements to 'embody the identity of the Sol de Janeiro brand,' ¶ 25." Order at 19.

The Court also previously ruled that Sol de Janeiro sufficiently pled confusion between the Sol de Janeiro Cheirosa Perfume Mists and MCoBeauty's copies. Order at 25. The Court evaluated each of the eight Polaroid factors: (1) the strength of the mark; (2) the degree of similarity between the two marks; (3) the proximity of the products; (4) the likelihood that the prior owner will bridge the gap; (5) actual confusion; (6) the reciprocal of defendant's good faith in adopting its own mark;

(7) the quality of defendant's product; and (8) the sophistication of the buyers, and found that "seven factors weigh in favor of Sol de Janeiro, and one factor is neutral." *Id.*; *Polaroid Corp. v. Polaroid Elecs. Corp.*, 287 F.2d 492, 495 (2d Cir. 1961).

MCoBeauty is attempting to use the addition of "some or all" to Sol de Janeiro's trade dress definition to get a second bite at the apple on the Court's secondary meaning and likelihood of confusion rulings. Mot. at 9–11. MCoBeauty argues that it cannot evaluate secondary meaning and likelihood of confusion because the Sol de Janeiro Trade Dress is not articulated. *Id*. But Sol de Janeiro's Trade Dress is adequately articulated, and the factors and information the Court used to evaluate secondary meaning and likelihood of confusion before remain unchanged. The Court previously ruled that Sol de Janeiro met and exceeded its burden to plead facts showing secondary meaning and likelihood of confusion. That ruling is still valid.

As stated above and as the Court previously found, Sol de Janeiro has adequately articulated the Sol de Janeiro Trade Dress, and therefore MCoBeauty's Motion to Dismiss should be denied. But if the Court grants MCoBeauty's Motion to Dismiss, Sol de Janeiro requests permission to amend its Second Amended Complaint.

**B. MCoBeauty's Request to Exclude YouTube, Instagram, and Review Comparison Evidence Is Vague and Premature.**

In ruling on MCoBeauty's motion to dismiss Sol de Janeiro's First Amended Complaint, the Court held that Sol de Janeiro had "sufficiently pleaded a Lanham Act claim for false advertising to survive dismissal as to the use of Keywords." Order at 13. The Court further held that, because Sol de Janeiro "sufficiently pleaded that the conduct was materially misleading, the conduct was consumer-oriented, and Sol de Janeiro suffered injury, MCoBeauty's motion to dismiss Sol de Janeiro's unfair trade practices claim as to the Keywords is denied." *Id*. at 27. In response to the Court's Order, Sol de Janeiro stated in its Second Amended Complaint that,

> [b]ased on the Court's Opinion and Order (Dkt. 68), Sol de Janeiro focuses its false advertising claims on MCoBeauty's use of "sol" and "sol de janeiro" keywords on MCoBeauty's website to falsely advertise that it offers Sol de Janeiro's Cheirosa Perfume Mists or that the Infringing Products are associated with Sol de Janeiro. MCoBeauty's overall marketing scheme, including its use of the keywords and other advertisements, indicates its intent to trade on Sol de Janeiro's goodwill, confuse consumers, and harm Sol de Janeiro.

SAC ¶ 67.

MCoBeauty now asks the Court to "enforce" its Order "by holding that the previously rejected YouTube, Trendmood, and review statements cannot furnish independent bases for liability or relief under Counts I or III." Mot. at 16. This ask – a holding that the alleged facts "cannot furnish independent bases for liability or relief under Counts I or III" – neither asks the Court to dismiss these two Counts nor specifies the relief short of exclusion for all purposes that MCoBeauty seeks. Mot. at 15 ("That request does not ask the Court at the pleading stage to ***exclude*** the videos, posts, or reviews as evidence ***for every conceivable purpose***.") (emphasis added). In any case, "it is inappropriate at such an early stage to resolve questions of admissibility." *Calise v. Casa Redimix Concrete Corp.*, No. 20-cv-7164-PAE, 2022 WL 355665 at *4 (S.D.N.Y. Feb. 4, 2022). If MCoBeauty wants to limit or exclude Sol de Janeiro's use of evidence, it must wait for the appropriate stage of the litigation and specify exactly how it seeks to limit the use of the evidence. The Court should therefore deny MCoBeauty's Motion on this issue. *Id.*

### C. MCoBeauty's Request for a Holding on Its Amazon Sponsored Placements Is An Improper Request for Advisory Opinion and Should Be Denied.

MCoBeauty also requests that the Court "hold that SAC ¶¶ 51–52 do not assert a sufficient, additional, independent false-advertising or § 349 violation based on Amazon sponsored-search results." Mot. at 16–17. Here too, MCoBeauty's request is ambiguous. Notably, MCoBeauty does not seek to dismiss this portion of the Second Amended Complaint. Mot. at 16. Rather, MCoBeauty requests an advisory opinion holding that SAC ¶¶ 51–52 does not independently

support false-advertising and Section 349 claims. This Court has rejected requests for advisory opinions in other cases, including at this stage. *Transcience Corp. v. Big Time Toys, LLC*, 50 F. Supp. 3d 441, n.6 (S.D.N.Y. 2014) ("An advisory opinion constitutes a decision of law concerning a set of facts which are hypothetical or speculative, facts which do not now exist and whose existence is not imminent.") (quoting *Guttmacher Inst. v. McPherson,* 616 F. Supp. 195, 200 (S.D.N.Y. 1985)); *Barrett v. City of Newburgh*, No. 13-cv-04118 (NSR), 2014 WL 1092176, at *4 (S.D.N.Y. Mar. 18, 2014), *aff'd*, 720 F. App'x 29 (2d Cir. 2017) ("The Court declines to address the issue of whether the Complaint states a claim against the City of Newburgh under the Fourth Amendment, as such would be akin to issuing an advisory opinion.").

MCoBeauty's request for an advisory opinion is not appropriate, and the Court should deny MCoBeauty's Motion to Dismiss on this issue.

## V. CONCLUSION

For the foregoing reasons, Sol de Janeiro respectfully requests that this Court deny MCoBeauty's Motion to Dismiss.

Dated: November 25, 2026

Respectfully submitted,

*/s/John J. Cotter*

John J. Cotter (Bar No. 2337574)
john.cotter@klgates.com
Margaret A. Cooney (pro hac vice)
maggie.cooney@klgates.com
1 Congress Street, Suite 2900
Boston, Massachusetts 02114-2023
Phone: 617 261 3100

***Attorneys for Plaintiffs Sol de Janeiro USA, Inc. and Sol de Janeiro IP, Inc.***

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed with the Clerk of the Court on November 25, 2026 using the CM/ECF System, which will send notification of such filing to all registered ECF users, including all attorneys of record.

*/s/John J. Cotter*
John J. Cotter